**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARWIN GUTIERREZ UBEDA; D. J. G.-G., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 25-2004 <br><br> Agency Nos. <br> A216-555-162 <br> A216-555-163 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2025[**]
Pasadena, California

Before: M. SMITH, CHRISTEN, and FORREST, Circuit Judges.

Darwin Gutierrez Ubeda (Gutierrez Ubeda) and his minor child, D.J.G.G.[1]

(collectively, Petitioners), natives and citizens of Nicaragua, seek review of a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this petition is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] D.J.G.G. is a derivative of Gutierrez Ubeda's asylum application. He also filed an independent application for withholding of removal and protection pursuant to the CAT.

decision of the Board of Immigration Appeals (BIA) affirming the denial by an Immigration Judge (IJ) of their claims for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Petitioners raise two claims in their petition for review: (1) a challenge to the IJ's adverse credibility finding; and (2) a challenge to the IJ's finding that the country conditions evidence did not establish that Petitioners will face a clear probability of future torture if removed to Nicaragua. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

Where the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), and provides its own reasoning, the court reviews both the IJ's and BIA's decisions. *Rudnitskyy v. Garland*, 82 F.4th 742, 746 (9th Cir. 2023). The court reviews questions of law de novo and factual findings for substantial evidence. *Id.*

1. <u>Adverse Credibility Determination</u>. Petitioners challenge the IJ's finding that Gutierrez Ubeda was not a credible witness. The IJ determined that Gutierrez Ubeda was not credible because his testimony contained inconsistencies, omissions, and vague and speculative descriptions of details concerning issues central to his claims. Gutierrez Ubeda was unable to explain the inconsistencies when given an opportunity to do so. The IJ also considered Petitioners' corroborating evidence and concluded that it was insufficient to support the petition independently. The BIA concluded that the IJ's adverse credibility finding

was not clearly erroneous and agreed that Petitioners did not provide sufficient corroborating evidence to rehabilitate Gutierrez Ubeda's testimony. Thus, the BIA dismissed Petitioners' appeal from the IJ's denial of their claims for asylum and withholding of removal.

We review adverse credibility findings for substantial evidence. *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "[T]he REAL ID Act requires that credibility determinations be made on the basis of the 'totality of the circumstances, and all relevant factors.'" *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). The Act "permits IJs to consider factors such as demeanor, candor, responsiveness, plausibility, inconsistencies, inaccuracies, and falsehoods to form the basis of an adverse credibility determination." *Barseghyan v. Garland*, 39 F.4th 1138, 1142–43 (9th Cir. 2022) (citing *Shrestha*, 590 F.3d at 1044).

Here, substantial evidence supports the adverse credibility determination. The inconsistencies and omissions between Gutierrez Ubeda's hearing testimony and documentary evidence, as well as the internal inconsistencies within his testimony, provide substantial support for the BIA's affirmance of the IJ's decision. *See Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020) ("[O]nly the most

extraordinary circumstances will justify overturning an adverse credibility determination." (citation omitted)). When pressed, Gutierrez Ubeda could not explain his inconsistencies and omissions. His declaration's omissions about violence he experienced at political protests are notable given the level of detail regarding other instances of threats and violence in his declaration and the nature of his political persecution claim. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) (noting that omissions can support an adverse credibility finding when new details tell a materially different story of persecution). To the extent Petitioners contest the conclusion that their corroborating evidence was insufficient to support Petitioners' claims independently, the articles in the record regarding Gutierrez Ubeda's cousin's death do not provide a basis for concluding that the asylum and withholding claims were sufficiently supported by the remaining evidence in the record. In the absence of credible testimony or sufficient independent corroborating evidence, the record does not compel us to reach a conclusion contrary to the determination that Petitioners did not establish eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

2. <u>The CAT Claim</u>. Petitioners contend that the agency did not consider relevant supporting evidence concerning Gutierrez Ubeda's cousin's political activity and his subsequent murder. But Petitioners did not establish past torture,

and the BIA adopted the IJ's finding that the record lacked specific evidence as to the likelihood that Petitioners would be tortured in the future. The record does not compel a conclusion contrary to the determination that Petitioners had not met their burden of showing it was more likely than not that they will be tortured in the future if they are removed to Nicaragua by or with the consent or acquiescence of the Nicaraguan government. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014).

**PETITION DENIED.** The temporary stay of removal, Dkt. 12, shall dissolve on the issuance of the mandate.